IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBIN M. LAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-00037 |
| | ) | |
| SOUTH ROANOKE NURSING HOME, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Robin M. Law, proceeding *pro se*, moves for leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(a)(1). For the following reasons, the court will grant Law's motion, but will dismiss her complaint for lack of subject-matter jurisdiction.

I. BACKGROUND

On February 4, 2016, Law filed a complaint against defendants South Roanoke Nursing Home, Butch Carter, and Pat Musser, alleging that she was wrongfully terminated from the nursing home for reporting "abuse/neglect on 4 residents that [she] witnessed." (Compl. 1, Dkt. No. 1.) According to the complaint, Musser asked Law to watch a medication cart that had its trays pulled out. (*Id.*) When Law refused, Musser walked away mad, leaving the cart unattended and the medication in plain sight. (*Id.*) Law later told Musser that she had pictures of her leaving the medication exposed. (*Id.*) In response, Musser told Law to clock out and go home. (*Id.*)* Law seeks $20,000 in damages. (*Id.*)

With her complaint, Law filed an IFP motion. (IFP Mot. 1–2, Dkt. No. 2.) In support of the motion, she states under penalty of perjury that she has no income or assets and only $5 in

---

* Since Carter is mentioned only in the caption of the complaint, it is unclear what role, if any, he played in Law's alleged wrongful termination.

cash or in a bank account. (*Id.* at 1–2.) She further states that she has regular monthly expenses totaling $85. (*Id.* at 2.)

## II. DISCUSSION

**A. Law qualifies for IFP status.**

Given that Law has just $5 to her name, the court finds that she cannot afford to pay the applicable filing fee of $400. It will therefore grant her IFP status and allow her complaint to be filed without payment of the filing fee.

**B. The court lacks subject-matter jurisdiction over Law's complaint.**

Although Law's complaint will be filed without payment of the filing fee, it must nevertheless be dismissed for lack of subject-matter jurisdiction.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Hence, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).

Generally speaking, a federal court has subject-matter jurisdiction over a civil action only if it raises a question of federal law, 28 U.S.C. § 1331, or it is between citizens of different states and the amount in controversy exceeds $75,000, *id.* § 1332. The plaintiff bears the burden of proving that jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir. 1999). If she cannot do so, then the court must dismiss her complaint. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

2

In this case, Law fails to meet her burden of establishing subject-matter jurisdiction. To begin with, she alleges no basis for jurisdiction in her complaint. (*See* Compl. 1.) She makes no allegations suggesting that her claim raises a question of federal law or that she and the defendants are citizens of different states. And even if there were complete diversity of citizenship here, Law seeks only $20,000—which is more than $55,000 short of the jurisdictional threshold.

Moreover, while Law marks the "U.S. Government–Plaintiff" box in the "Basis of Jurisdiction" section in her civil cover sheet (Civil Cover Sheet 1, Dkt. No. 1-1.), she is the named plaintiff, not the government. And she makes no allegations suggesting that she is attempting to bring a *qui tam* action on behalf of the government under the False Claims Act, 31 U.S.C. § 3729 *et seq.*—or that she even could.

The court thus concludes that it lacks subject-matter jurisdiction over Law's complaint and that it must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the court will grant Law's IFP motion, but will dismiss her complaint for lack of subject-matter jurisdiction.

An appropriate order will follow.

Entered: February 5, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge